DECISION AND JOURNAL ENTRY
Joseph Washington III, appeals from the decision of the Lorain County Court of Common Pleas, which found appellant to be a sexual predator. This court affirms.
On November 9 and November 16, 1992, Washington pled guilty to and was convicted of four counts of rape, two counts of gross sexual imposition and two counts of felonious sexual penetration.[1] He was sentenced to serve ten to twenty five years of imprisonment on each of six counts and eighteen months on each of two counts. Washington was ordered to serve his sentences in the Lorain Correctional Institution.
On May 7, 1999, the trial court held a hearing pursuant to R.C. 2950.09(C)(1) to determine if Washington was a sexual predator as defined by the statute. At the hearing, Washington objected to the constitutionality of the statute. On May 13, 1999, the court entered judgment in which it denied Washington's motion to dismiss on the issue of constitutionality, and the court found Washington to be a sexual predator as defined by the statute.
Washington now appeals, asserting as error that the trial court should have found the statute to be unconstitutional. In support of his argument, Washington cites the decision rendered by the Eleventh District in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported. The Williams court determined that Chapter 2950 of the Ohio Code was unconstitutional and therefore "void in its entirety."
On April 28, 2000, the Ohio Supreme Court reversed the Eleventh District's decision in State v. Williams (2000), 88 Ohio St.3d ___. Consequently, Washington's argument must fail. The Supreme Court in Williams has substantially supported the numerous decisions of this court in which we determined that R.C.2950.09 was constitutional. See, particularly, State v. Bailey (Feb. 23, 2000), Lorain App. No. 99CA007311 99CA007312, unreported; Statev. Frost (Mar. 8, 2000), Lorain App. No. 99CA007316, unreported.
Washington's assignment of error is not well-taken and it is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
CARR, J., WHITMORE, J., CONCUR.
[1] Appellant's brief characterizes the record as a plea of no contest to "two charges." Appellee does not challenge this rendition of the facts.